IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JONATHAN YATES, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-22-0976 |
| WESTERN WORLD INSURANCE COMPANY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Jonathan Yates brought this action against Western World Insurance Company ("Western"), Tudor Insurance Company ("Tudor") (collectively the "Insurance Company Defendants"), Jeffrey A. Gilman, and Geo. M. Stevens Real Estate, LLC ("Stevens" or "Stevens Real Estate") (collectively the "Gilman Defendants"). (ECF No. 2.) Yates makes claims of breach of contract against the Insurance Company Defendants and negligence against all Defendants[1] stemming from a dispute over a 2016 insurance claim that he asserts was poorly investigated and wrongfully denied. (*Id.*) Presently pending before the Court are two Motions to Dismiss, one filed by the Insurance Company Defendants (ECF No. 6) and the other filed by the Gilman Defendants (ECF No. 15). These Motions are fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth in this Memorandum, the Insurance Company Defendants' Motion will be granted in part and denied in part, and the Gilman Defendants' Motion will be granted in full.

---

[1] Yates's Complaint also advanced a claim of breach of fiduciary duty against all Defendants. (ECF No. 2 ¶¶ 55–59.) Yates has since voluntarily dismissed this claim as to all Defendants. (*See* ECF Nos. 14, 21.) Accordingly, the Court will address neither this claim nor the Defendants' responses to it.

1

## I.   *Factual and Procedural Background*[2]

In 2002, Yates, a Maryland resident, purchased a home in Groveton, New Hampshire for use as an investment and rental property. (Compl. ¶¶ 10–11, ECF No. 2.) At some point before the events at issue here, Yates obtained a commercial lines insurance policy for the property through Stevens Real Estate, a New Hampshire limited liability company whose sole member is Jeffrey A. Gilman, a New Hampshire resident. (*Id.* ¶¶ 19, 4–5.) The policy was issued by Tudor Insurance Company, a subsidiary of the Western World Insurance Group. (Common Policy Declarations, Ex. 1 to Ins. Co. Defs.' Mot. Dismiss, ECF No. 6-1.) Tudor is incorporated in New Hampshire with its principal place of business in New Jersey. (Notice of Removal, ECF No. 1.)

In the fall of 2015, Yates "paid a plumber to winterize" the then-vacant New Hampshire property. (Compl. ¶ 14.) When Yates next visited the property in August of 2016, he "discovered that the water did not work in the home"; Yates suspected that a pipe had burst over the winter. (*Id.* ¶¶ 18, 15.) Yates "promptly reported the matter" to Stevens Real Estate, speaking and emailing with Gilman in August and September. (*Id.* ¶¶ 19–20.) Despite these communications, the Gilman Defendants did not "respond to [Yates's] request to open a claim or take any other meaningful action to investigate[.]" (*Id.* ¶ 22.)

On October 13, 2016, Yates sold the New Hampshire property to a buyer for $145,000 "contingent on [Yates] fixing the known plumbing issues" within a reasonable period of time. (*Id.* ¶ 24.) Yates "needed insurance coverage to properly address the loss and restore the property," but Defendants took no action to open or investigate an insurance claim until after Yates, "through counsel, demanded" that they do so in early 2017. (*Id.* ¶¶ 28, 30.) In May of 2017, a formal claim

---

[2] At the motion to dismiss stage, the "well-pled allegations of the complaint" are accepted as true and "the facts and reasonable inferences derived therefrom" are construed "in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (citing *Little v. Fed. Bureau of Investigation*, 1 F.3d 255, 256 (4th Cir. 1993)).

2

was opened. (*Id.* ¶ 31.) Before it was investigated, in August of 2017, the buyer of the property sued to rescind the sale contract, citing Yates's failure to fix the plumbing. (*Id.* ¶ 35.) Yates "took the property back" on October 6, 2017, and "refunded [the buyer] the money paid to [Yates] at closing, a sum of $12,400." (*Id.* ¶ 36–37.)

On October 30, 2017, "Tudor Insurance assigned a field adjuster to the claim." (*Id.* ¶ 32.) In May of 2018, the field adjustor visited and inspected the New Hampshire property. (*Id.* ¶ 33.) On August 29, 2018, Tudor denied coverage for the claim, citing policy exclusions for "loss resulting from the backup or overflow of a sewer, drain, sump, sump pump, or related equipment" and for "loss or damage resulting from wear, tear, deterioration, shifting or settling." (Letter from Tudor, Ex. B to Gilman Defs.' Mot. Dismiss, ECF No. 15-4.) Yates asserts that the "claim and the damages sought . . . were covered losses that the contract for insurance between the Parties required Defendants to pay," and that consequently "the denial of the claim breached the agreement between the Parties." (Compl. ¶ 39.) In August of 2020, Yates sold the New Hampshire property to new buyers for $85,000. (*Id.* ¶ 41.)

On July 30, 2021, Yates filed this action in the Circuit Court for Anne Arundel County, Maryland. (Notice of Removal.) In addition to Stevens Real Estate, Gilman, and Tudor, Yates named as a Defendant Western World Insurance Company, another subsidiary of the Western World Insurance Group, Tudor's parent company. (*Id.*) Like Tudor, Western World Insurance Company is a New Hampshire corporation with its principal place of business in New Jersey. (*Id.*) Yates seeks compensatory damages from the Defendants totaling more than $75,000 for the coverage denial, the rescinded property sale and associated costs, and the loss of sale proceeds for the New Hampshire property. (Compl. ¶¶ 54(a), 65(f).) The Insurance Company Defendants

3

removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Notice of Removal.)

Soon after filing for removal, the Insurance Company Defendants filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) First, they assert that Western World Insurance Company is not a proper party to this action because Yates's policy clearly names Tudor as the issuing insurer. (*Id.* at 5.) Second, they claim that Yates's breach of contract claim for denial of coverage is barred by the applicable three-year statute of limitations, arguing that Yates's "cause of action accrued as of October 6, 2017," the date that the New Hampshire property was deeded back to him because the plumbing had not been fixed. (*Id.* at 5–8.) Third, they make a similar argument regarding the statute of limitations for Yates's negligence claim. (*Id.*) Finally, they assert that Yates has failed to state a claim for negligence against them because "[a]ny duty owed to [him] in this case by the Insurance Company Defendants is contained in the [insurance] Policy" and, as such, is confined to a claim for breach of contract. (*Id.* at 9.)

In response, Yates claims first that Western should not be dismissed because Yates should be afforded "the reasonable inference that the Insurance [Company] Defendants' relationship to [his] policy and to each other, while perhaps self-evident to co-venturers in the insurance industry, is unclear to an insured like Mr. Yates." (Pl.'s Opp'n Ins. Co. Defs.' Mot. Dismiss, ECF No. 14, at 5.) Second, Yates argues that the statute of limitations has not run on his breach of contract claim because its crux is that the Insurance Company "Defendants wrongfully denied [his] insurance claim in August 2018 and have refused to pay him benefits to which he was entitled." (*Id.* at 7.) Third, Yates asserts that his negligence claim is also timely because it could not have accrued "absent causation and damages occasioned by" the coverage denial. (*Id.*) Finally, Yates

4

argues that Maryland law supports a negligence claim against the Insurance Company Defendants because it "imposes numerous duties on industry participants for the protection of Maryland residents[.]" (*Id.* at 10.)

The Gilman Defendants filed a separate Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 15.) They argue that Yates has failed to state a claim of negligence against them because Yates "cannot prove any set of facts that support a connection between the Gilman Defendants['] alleged delay in reporting his claim with the Insurance Company Defendants' decision to decline coverage." (Mem. Supp. Gilman Defs.' Mot. Dismiss, ECF No. 15-1, at 14.) The Gilman Defendants also assert that the statute of limitations bars Yates's negligence claim against them because each of the "dates when [Yates] knew that he [had] sustained actual 'injury' or 'loss'" related to the Gilman Defendants' alleged negligence occurred more than three years before the filing of this action. (*Id.* at 10.)

In response to this second Motion, Yates asserts that he has stated a claim for negligence against the Gilman Defendants because "Maryland law recognizes that insurance agents owe a duty of reasonable care in effecting an insurance policy." (Pl.'s Opp'n Gilman Defs.' Mot. Dismiss, ECF No. 21, at 12.) Additionally, he argues that his negligence claim against the Gilman Defendants is not time-barred because "he justifiably relied on his insurance agent" until the coverage denial or, alternatively, because the "continuation of events" theory, "which serves to toll the statute of limitations where a continuous relationship exists between the parties," applies to his relationship with the Gilman Defendants. (*Id.* at 9 (quoting *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 974 (Md. 2000)).

***II. Analysis***

The Court will first address the Insurance Company Defendants' Motion to Dismiss and then turn to the Gilman Defendants' Motion. For the reasons set forth below, the Insurance Company Defendants' Motion will be granted as it relates to dismissing Western as an improper party and dismissing Yates's claim of negligence against Tudor; however, that Motion will be denied as it relates to Yates's breach of contract claim against Tudor. The Gilman Defendants' Motion will be granted in full.

### A. *Legal Standard*

"In considering a motion to dismiss" pursuant to Rule 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or ... 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

A motion to dismiss, "which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense" because the burden of establishing affirmative defenses rests with the defendant. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "[T]he statute of limitations is an affirmative defense." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006). However, "[a]n affirmative defense permits 12(b)(6) dismissal if the face of the complaint includes all necessary facts for the defense to prevail." *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d

848, 850–51 (4th Cir. 2016). Because the Complaint includes all dates necessary to determine whether the statute of limitations has run on Yates's claims, the Court will reach these issues as appropriate.

In ruling on a 12(b)(6) motion, a court is permitted to consider "documents explicitly incorporated into the complaint by reference, documents attached as exhibits, and documents submitted by a movant that were not attached to or expressly incorporated into a complaint that are integral to the complaint and authentic[.]" *Sullivan v. City of Frederick, Md.*, 738 Fed. App'x 198, 199 (4th Cir. 2018) (citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164–66 (4th Cir. 2016)). Yates's Complaint discusses and relies upon both his insurance policy and Tudor's denial of coverage, and because he does not dispute the authenticity of the portions of these documents included with the Defendants' Motions to Dismiss, the Court will consider them. (ECF Nos. 6-1, 15-4.)

### i. *Choice of Law*

Sitting in diversity, a federal court applies the law of the forum state, which, in this case, is Maryland. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In applying the forum state's law, this Court is also bound to apply Maryland's rules for choice of law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *DiFederico v. Marriott Int'l, Inc.*, 714 F.3d 796, 807 (4th Cir. 2013). However, "before embarking on a choice of law analysis, courts generally analyze whether there is in fact a difference" between the competing states' applicable laws. *Zimmerman v. Novartis Pharmaceuticals Corp.*, 889 F. Supp. 2d 757, 760 (D. Md. 2012). Further, the court "need not inquire further into the choice-of-law questions" where the parties agree to the application of forum law. *Vanderhoof-Forschner v. McSweegan*, Civ. Nos. 99–1615, 99–1616,

7

2000 WL 627644, at *2 n.3 (4th Cir. 2000) (citing *American Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997)).

Here, the Parties agree that, because Maryland and New Hampshire law approach the disputes at issue in substantively identical ways, the Court should apply Maryland law in resolving them. (*See* Ins. Co. Defs.' Mot. Dismiss at 9; Pl.'s Opp'n Ins. Co. Defs.' Mot. Dismiss at 4; Mem. Supp. Gilman Defs.' Mot. Dismiss at 5 n.3.) Accordingly, the Court will forgo a choice-of-law analysis and apply Maryland law by agreement of the Parties.

## B. *Insurance Company Defendants*

With respect to the Insurance Company Defendants' Motion to Dismiss, the Court first finds that because the parties' insurance contract clearly identifies Tudor as the issuing insurer, Western is an improper Defendant. The Court will next deny Tudor's[3] Motion to Dismiss as to Yates's breach of contract claim, applying the straightforward precedent that breach of contract claims in the insurance context accrue from the "date of denial" of coverage. *Nationwide Mut. Ins. Co. v. Schilling*, 227 A.3d 171, 184 (Md. 2020). Finally, the Court will grant Tudor's motion to dismiss Yates's negligence claim on the ground that the Parties' relationship is grounded exclusively in, and therefore confined to, contract law.

### *i. Dismissal of Western as an Improper Defendant*

First, the Court concludes that Western World Insurance Company is not a proper Defendant in this action. "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank N.A.*, 776 A.2d 645, 651 (Md. 2001). The "most important factor" in determining whether parties have manifested an intent to be bound by the terms of a

---

[3] Because Western will be dismissed from this action, the Court will refer only to Tudor in analyzing the Insurance Company Defendants' remaining arguments for dismissal.

8

contract "is the language of the agreement." *Cochran v. Norkunas*, 919 A.2d 700, 709 (Md. 2007). Where an insurance contract unambiguously identifies the issuer of the policy, the court will not consider external indicia to divine the contract's meaning in that regard. *See Kurland v. ACE Am. Ins. Co.*, Civ. No. JKB-15-2668, 2017 WL 354254, at *2 (D. Md. Jan. 23, 2017).

Here, the Common Policy Declarations document for Yates's policy clearly indicates not only that Tudor Insurance Company was the issuing insurer, but also that Western World Insurance Company was not. (ECF No. 6-1.) At the top of the document, a header lists Western World Insurance Group's three subsidiaries—Western World Insurance Company, Tudor Insurance Company, and Stratford Insurance Company—each with a corresponding checkbox. (*Id.*) Tudor's is the only box that contains an "X." (*Id.*) Under these circumstances, there is no ambiguity as to the issuer of the policy. *See Deale Aquaculture Farm, Inc. v. Liberty Mut. Mid-Atlantic Ins. Co.*, Civ. No. JKB-22-1181, 2022 WL 3545563, at *3 (D. Md. Aug. 18, 2022) (finding that "many references to 'Liberty Mutual' scattered throughout [a] policy" were "insufficient to create ambiguity" where different company was unambiguously listed as issuer).

Because Yates's insurance policy lists only Tudor as its issuing company, the Court concludes that Western World Insurance Company is not a party to Yates's insurance contract. Moreover, Yates does not allege, beyond conclusory statements that "Defendants" took certain actions related to his insurance claim, that Western played any role in opening, processing, or denying the claim. (*See generally* Compl.) Based on this record, Western cannot be held liable to Yates, either for breach of contract or for the other Defendants' acts or omissions related to Yates's insurance claim. The Court will therefore grant the Insurance Company Defendants' Motion as it relates to the dismissal of Western as a party to this action.

*ii. Breach of Contract*

9

Next, the Court finds that Yates's breach of contract claim against Tudor is not barred by Maryland's statute of limitations. In Maryland, civil actions must generally be filed within three years of the date on which the cause of action accrues. Md. Code Ann., Cts. & Jud. Procs. § 5-101. "In Maryland, insurance policies are treated like other contracts." *Mesmer v. Md. Auto. Ins. Fund*, 725 A.2d 1053, 1058 (Md. 1999). "In contract cases, the general rule is that the period of limitations begins to run from the date of the breach, for it is then that the cause of action accrues and becomes enforc[eable]." *Mayor & Council of Federalsburg v. Allied Contractors, Inc.*, 338 A.2d 275, 280 (Md. 1975).

Under Maryland law pertaining to the breach of insurance contracts, the statute of limitations runs from the "date of denial" of insurance coverage. *Nationwide*, 227 A.3d at 184 (finding that all events prior to date of denial of underinsured motorist's claim were "not significant in determining when the statute of limitations begins to run because none of these actions demonstrate a breach of the insurance contract[.]"). This is because the crux of an insurance contract is the insurer's promise to provide benefits, and as such, any claim for breach of contract by the insured will ripen on the date that the insurer formally declines to provide those benefits. *See Id.* at 183.

Applying this rule to the facts here, the Court finds that the statute of limitations on Yates's breach of contract claim plainly has not run. Tudor's denial of coverage was issued to Yates on August 29, 2018. (Compl. ¶ 38.) Yates filed this suit on July 30, 2021, within three years of the date of denial. (*Id.*) Tudor asserts that Yates "reasonably should have known" of its breach of contract by October of 2017 because "several components of [his] damages in this case were incurred" by that point. (Ins. Co. Defs.' Mot. Dismiss at 5, 7.) Under Maryland law as stated above, however, Yates's cause of action accrued on August 29, 2018 because a claim for breach

10

of an insurance contract in Maryland hinges on the actual denial of coverage, which did not occur until that date. Because this action was filed within three years of the date of denial, the statute of limitations for breach of contract has not run and Tudor's Motion to Dismiss will be denied as to that claim.

### iii. *Negligence*

The Court will now address Tudor's final contention, which is that Yates cannot maintain a claim of negligence against it because the only duties it owes to Yates arise under contract law. Under Maryland law, to establish a claim for negligence, a plaintiff must show "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the defendant's breach of the duty proximately caused the loss or injury suffered by the plaintiff, and (4) that the plaintiff suffered actual loss or injury." *Troxel v. Iguana Cantina, LLC*, 29 A.3d 1038, 1049 (Md. Ct. Spec. App. 2011). "The Maryland Court of Appeals has repeatedly held that the duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort." *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001) (citing *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1107–08 (Md. 1999) ("Under Maryland law, an insurer who mistakenly denies coverage does not breach a tort duty owed either to the insured or to third-party claimants. . . . Instead, the duty owed . . . is entirely contractual.")). Further, "Maryland courts have not recognized the existence of a tort duty in a suit against an insurer for failure to process" an insured's claim. *Young v. Travelers Ins. Co.*, Civ. No. AW-13-02092, 2013 WL 5308289, at *3 (D. Md. Sept. 19, 2013).

Yates points out that there are exceptions to the general rule against imposing tort liability for contractual duties. (Pl.'s Opp'n Ins. Co. Defs.' Mot. Dismiss, at 10 (citing *Mesmer*, 725 A.2d at 1059 (where "defendant has proceeded on the basis that a contractual obligation exists, has

11

undertaken that obligation, and has undertaken it in violation of the appropriate standard of care, the plaintiff may, in some circumstances, maintain a tort action.")).) He points to no authority, however, that establishes a tort-based standard of care in *these* circumstances, and indeed the law indicates that tort liability is not imposed in Maryland for the failure to process or settle an insurance claim. *Hartz*, 269 F.3d at 476; *Young*, 2013 WL 5308289, at *3. Yates argues that the Maryland legislature has "impose[d] numerous duties on industry participants for the protection of Maryland residents who purchase insurance." (Pl.'s Opp'n Ins. Co. Defs.' Mot. Dismiss, at 10.) However, the statutes to which he cites are regulatory in nature and do not provide a private cause of action in tort. Md. Code Ann., Ins. § 27-301(b)(2).

Yates has failed to allege that Tudor owed him any duty separate from its contractual obligations as his insurance provider, and he has thus failed to state a claim of negligence against Tudor. Accordingly, the Insurance Company Defendants' Motion to Dismiss will be granted as to Yates's negligence claim, and the Court therefore need not address the question of whether the claim is barred by the statute of limitations.

### C. *Gilman Defendants*

Finally, the Court turns its attention to the Gilman Defendants' Motion to Dismiss. (ECF No. 15.) With respect to these Defendants' role in the delayed and unsatisfactory resolution of his insurance claim, Yates has failed to allege a key element of negligence: duty. Accordingly, the Court will grant the Gilman Defendants' Motion to Dismiss for failure to state a claim.

With respect to the element of duty, Yates claims that *all* of the Defendants owed him "a duty of care to promptly and adequately investigate, adjust and pay" his insurance claims, and that their failure to do so in a timely manner "caused and contributed to Defendants' denial of [his] proper claim for the payment of insurance benefits." (Compl. ¶¶ 61, 64.) This allegation conflates

the role of the insurer—here, Tudor—with that of the insurance agent, whose role in an insurance transaction is merely to facilitate the creation of an appropriate contract between insured and insurer. *See* Md. Code Ann., Ins. § 1-101 legislative notes ("an insurer may authorize an agent to make an insurance contract by binding the insurer[.]").

Maryland courts have recognized that an insurance agent "must exercise such reasonable skill and ordinary diligence as may fairly be expected from a person in his profession or situation, in doing what is necessary to effect a policy, in seeing that it effectually covers the property to be insured, in selecting the insurer[,] and so on." *Lowitt v. Pearsall Chemical Corp. of Md.*, 219 A.2d 67, 73 (Md. 1966). But Yates does not claim that the commercial lines policy that the Gilman Defendants effected between Yates and Tudor was in any way defective or unsatisfactory. Indeed, his breach of contract claim against Tudor is based on the assertion that the policy *did* cover the property damage at issue. (*See generally* Compl.) Yates cites no authority in support of his claim that the Gilman Defendants, in their role as his insurance agents, had a duty to open, investigate, or resolve his claim for insurance coverage, timely or otherwise. (*See generally* Pl.'s Opp'n Gilman Defs.' Mot. Dismiss.) His allegations reflect that these were in fact Tudor's responsibilities. (*See, e.g.*, Compl. ¶¶ 32–33 (it was Tudor who "assigned a field adjuster" to "inspect the loss" at the property).)

Because Yates has not identified any legal basis on which the Gilman Defendants, as Yates's insurance agents, may be held liable in tort for the acts and omissions that he claims delayed and prejudiced the resolution of his insurance claim, the Court will grant the Gilman Defendants' Motion to Dismiss for failure to state a claim of negligence. As such, it need not resolve the question of whether any such claim would be barred by the statute of limitations.

***III.  Conclusion***

For the foregoing reasons, a separate Order shall issue (ECF No. 27) granting the Insurance Company Defendants' Motion to Dismiss (ECF No. 6) insofar as it relates to dismissing Western as an improper party and to dismissing Yates's claim of negligence against Tudor but denying it as it relates to Yates's breach of contract claim against Tudor, and granting in full the Gilman Defendants' Motion to Dismiss (ECF No. 15).

DATED this \_\_\_24\_\_\_ day of October, 2022.

BY THE COURT:

_____
James K. Bredar
Chief Judge